Mar. 24, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 09-80469-Civ-RYSKAMP/VITUNAC

| | |
|---|---|
| JANE DOE II | ) CASE NO.: |
| Plaintiff, | ) |
| vs. | ) |
| JEFFREY EPSTEIN, and SARAH KELLEN, | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff, JANE DOE II, hereby sues JEFFREY EPSTEIN and SARAH KELLEN, and states:

## JURISDICTION AND VENUE

2. This is an action for damages in excess of $75,000, exclusive of interests, costs and attorney's fees.

3. Venue is proper in this Court as all acts occurred in Palm Beach County and all parties reside and/or do business herein.

## PARTIES

4. Ms. DOE II is a natural person residing in Palm Beach County, Florida. During the events giving rise to this claim, she was a minor but has now reached majority. She files this suit under a pseudonym to protect her privacy because the acts alleged occurred while she was a minor.



5. Defendant EPSTEIN is a natural person, who is an adult, and who resides and/or does business in Palm Beach County, Florida, and who committed the acts alleged within the jurisdiction of Palm Beach County, Florida, within the boundaries of the United States District Court in and for the Southern District of Florida. Defendant KELLEN is a natural person, who is an adult, believed to reside in the State of New York, but who committed the acts alleged within the jurisdiction of Palm Beach County, Florida, within the boundaries of the United States District Court in and for the Southern District of Florida.

6. Defendant EPSTEIN is believed to now be incarcerated in the Palm Beach County Jail for crimes committed that are related to and/or similar to the claims in this case.

## FACTS

7. Defendant EPSTEIN was, at all times relevant to this action, a part time resident of Palm Beach County, Florida. All acts complained of herein occurred at his estate residence in the Town of Palm Beach, Florida.

8. Defendant EPSTEIN has a history of enticing young women, who are minors (under 18 years of age), and soliciting them to engage in prostitution for his own sexual gratification.

9. Defendant EPSTEIN, in agreement with two (2) persons he employed for this purpose, HALEY ROBSON and Defendant KELLEN, conspired with these other two, and others, to solicit young women of the type Defendant EPSTEIN preferred, blonde, attractive in appearance, and younger than 18 years of age, to provide sexual gratification for him by engaging in acts of prostitution.

10. Defendants EPSTEIN and KELLEN entered into a criminal conspiracy to solicit young women for acts of prostitution, including the Plaintiff, here in Palm Beach County.

2

11. From about June, 2003 until on or about February, 2005, Defendants EPSTEIN and KELLEN persuaded, induced, or enticed the Plaintiff to come to Defendant EPSTEIN's home and provide Defendant EPSTEIN with "massages" which escalated into sexual encounters between Defendant EPSTEIN and the Plaintiff designed to fulfill his unnatural sexual desires for young women or even younger girls who were minors. These acts included Defendant EPSTEIN's request that he wanted the encounter to be like a "porn video." Defendant EPSTEIN would script lines for the Plaintiff to say, including calling out his name and requesting that he perform a certain sexual act "harder," while he touched the Plaintiff's vagina with a vibrator or with his fingers; alternately, he would masturbate in the presence of the Plaintiff after demanding her to disrobe and walk in front of him in provocative sexual poses. Defendant EPSTEIN would pay the Plaintiff a fee of $200 on each occasion after he ejaculated while masturbating in the presence of the Plaintiff.

12. Defendant EPSTEIN touched Plaintiff's vagina, or penetrated Plaintiff's vagina, using his fingers and/or a vibrator on multiple occasions, during the time that Plaintiff was a minor, causing personal injury to her.

13. In violation of 18 U.S.C. §2422(b), Defendants EPSTEIN and KELLEN knowingly persuaded, induced, or enticed the Plaintiff to engage in acts of prostitution, when the Plaintiff was under the age of 18, approximately on or about the following dates that Plaintiff can document based on payments received: 6/16/03, 7/2/03, 4/9/04, 6/7/04, 7/30/04, 8/30/04, 10/9/04, 10/12/04, 10/30/04 and 11/9/04. In addition, Plaintiff believes that there were as many as 10 to 20 other occasions during this time frame that Defendant EPSTEIN solicited her and procured her to perform prostitution services, all during the time that she was a minor.

3

14. Plaintiff seeks damages for personal injury in accordance with 18 U.S.C. §2255(a) for each of the acts of prostitution set forth above for which Defendants solicited her, $150,000 for each violation, for a total range of damages between $1.5 million dollars to $4.5 million dollars, jointly and severally, and a reasonable attorney's fees and costs, as permitted by the statute.

15. Defendant EPSTEIN has made an agreement with the United States Attorney's Office to not contest liability for claims brought exclusively pursuant to 18 U.S.C. §2255, in exchange for avoiding federal prosecution under 18 U.S.C. §2422(b), which provides a sentence of 10 years for each violation of the law.

WHEREFORE, Plaintiff demands judgment in her favor, and a jury trial on all issues so triable as of right.

Respectfully submitted,

BY: _____
ISIDRO M. GARCIA
Florida Bar No. 437883
GARCIA LAW FIRM, P.A.
224 Datura Street, Suite 900
West Palm Beach, FL 33401
Telephone:(561) 832-7732
Telecopier: (561) 832-7137
e-mail: isidrogarcia@bellsouth.net

Date: 3|19|09

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed**

Mar. 24, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
JANE DOE II

## DEFENDANTS
JEFFREY EPSTEIN AND SARAH KELLEN

**(b)** County of Residence of First Listed Plaintiff: **PALM BEACH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **PALM BEACH**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

GARCIA LAW FIRM, P.A.
224 DATURA STREETM SUITE 900
WEST PALM BEACH, FL 33401

Attorneys (If Known)
ROBERT D. CRITTON, ESQ.
JACK A. GOLDBERGER, ESQ.

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV80469 KLR/AEV

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ■ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
| ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 465 Other Immigration Actions |  |  |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 443 Housing/Accommodations | **Habeas Corpus:** |  |  |  |
| ☐ 444 Welfare | ☐ 530 General |  |  |  |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  |  |  |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☑ YES ☐ NO

JUDGE _____ DOCKET NUMBER 9:08-cv-80069-KAM

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 U.S.C. §2422(b)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: March 19, 2009

FOR OFFICE USE ONLY
AMOUNT 350   RECEIPT # 725609   IFP