UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,             CASE NO.: 08-CV-80119-MARRA/JOHNSON

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 3,             CASE NO.: 08-CV-80232-MARRA/JOHNSON

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 4,             CASE NO.: 08-CV-80380-MARRA/JOHNSON

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 5,             CASE NO.: 08-CV-80381-MARRA/JOHNSON

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 6,                    CASE NO.: 08-CV-80994-MARRA/JOHNSON

       Plaintiff,
vs.

JEFFREY EPSTEIN,

       Defendant.
_____/

JANE DOE NO. 7,                    CASE NO.: 08- CV-80993-MARRA/JOHNSON

       Plaintiff,
vs.

JEFFREY EPSTEIN,

       Defendant.
_____/

C.M.A.,                            CASE NO.: 08- CV-80811 -MARRA/JOHNSON

       Plaintiff,
vs.

JEFFREY EPSTEIN,

       Defendant.
_____/

JANE DOE,                          CASE NO.: 08- CV-80893-MARRA/JOHNSON

       Plaintiff,
vs.

JEFFREY EPSTEIN, et al.,

       Defendant.
_____/

DOE II,                            CASE NO.: 08-CV- 80469-MARRA/JOHNSON

       Plaintiff,

vs.

JEFFREY EPSTEIN et al.,

       Defendant.
_____/

JANE DOE NO. 101,               CASE NO.: 08- CV-80591-MARRA/JOHNSON

       Plaintiff,

vs.

JEFFREY EPSTEIN,

       Defendant.
_____/

JANE DOE NO. 102,               CASE NO.: 08- CV-80656-MARRA/JOHNSON

       Plaintiff,

vs.

JEFFREY EPSTEIN,

       Defendant.
_____/

**PLAINTIFFS JANE DOES' 2- 7 NOTICE OF JOINDER IN PLAINTIFFS'
JANE DOES 101 AND 102'S MOTION FOR NO-CONTACT ORDER**

Plaintiffs Jane Does 2-7 join in Plaintiffs Jane Does 101 and 102's Motion for No-Contact Order, filed May 22, 2009, and state as follows:

1. Plaintiffs Jane Does 2-7 incorporate and adopt the facts set forth in the pending Motion for No-Contact Order. Additionally, Plaintiffs offer additional facts in support of the Motion for a No-Contact Order, as set forth below.

2. Upon information and belief, Plaintiffs Jane Does 2-7 were all identified on the victims list provided to Defendant Epstein's counsel in connection with the Non-prosecution Agreement, and each has been identified as victims to Defendant Epstein in their pending

3

actions.  In June 2008, Palm Beach Circuit Court Judge Pucillo ordered Defendant Epstein "not to have any contact, direct or indirect," with any of his victims.  Judge Pucillo clarified that forbidden "indirect" contact included, but was not limited to, text messages, emails, telephone calls, or messages through third parties.  As detailed herein, Jane Does 4 and 7 have been contacted on multiple occasions by at least one person representing that she is cooperating with and communicating on behalf of Defendant Epstein.  In these contacts, the Plaintiffs/victims were threatened and harassed.

3. As with other Plaintiffs, Jane Does 4 and 7 were first introduced to Defendant Epstein by Hayley Robson, who was a high school friend.[1]

4. Robson had had contact with these Plaintiffs on several occasions in which she represented to Plaintiffs Jane Doe 4 and 7 that she is cooperating with Defendant Epstein's attorneys and that she is being financially supported by Defendant Epstein.  Moreover, Robson has told these Plaintiffs specifically that she is communicating on behalf of Defendant Epstein.

5. During these contacts, Robson made disparaging comments to the Plaintiffs and also sent disturbing text messages to Jane Doe No. 4.  In one text, Robson specifically stated, "I just met with my lawyer today and I'm finally done with the Epstein case. LOL. I knew you were suing Jeffrey all along and I've learned so much about you in the meantime. LOL." Jane Doe 4 understood this to mean that Robson had exchanged private information about Jane Doe 4 with Defendant Epstein and his attorneys.  Since February, 2009, Jane Doe 4 has continued to receive text messages from Robson that are sometimes harassing and other times seek information about Jane Doe 4's private life, her lawsuit against Defendant Epstein, and/or her lawyer's strategy.

---

[1] Ms. Robson was named in at least one civil case against Mr. Epstein as a co-defendant. See Jane Doe v. Epstein, case no. 50-2008-CA-0065996, Palm Beach County Circuit Court. Ms. Robson brought multiple underage girls to Epstein in addition to Jane Does 4 and 7.

6. On one occasion, Robson approached Jane Doe 7 and disclosed that she was cooperating with Defendant Epstein's defense, and that she (Robson) agreed that she would testify against Jane Doe 7 and the other plaintiffs to make sure that none of the Plaintiffs ever received any money from Defendant Epstein, making clear that her testimony would not be truthful to achieve this end. She also made disparaging comments to Jane Doe 7, accusing her of ruining Defendant Epstein's reputation.

7. The very possibility of any contact with Epstein or his agents, including Robson, causes anxiety and distress particularly to Jane Doe 4 and 7, as well as the other Plaintiffs. A no-contact order should prevent further harassment of the Plaintiffs by Epstein and his agents, including, but not limited to, Hayley Robson.

WHEREFORE, Plaintiffs Jane Does 2-7, respectfully join Plaintiffs Jane Does 101 and 102 in moving this Court to enter an order granting Plaintiffs' Motion for a No Contact Order prohibiting the Defendant, Jeffrey Epstein, from any contact or communication with Plaintiffs, either directly or indirectly, except through Plaintiffs' attorneys of record for the duration of the Order.

Dated: June 8, 2009                     Respectfully submitted,

                                        By:   s/ Adam D. Horowitz
                                              Stuart S. Mermelstein (FL Bar No. 947245)
                                              ssm@sexabuseattorney.com
                                              Adam D. Horowitz (FL Bar No. 376980)
                                              ahorowitz@sexabuseattorney.com
                                              MERMELSTEIN & HOROWITZ, P.A.
                                              *Attorneys for Plaintiffs*
                                              18205 Biscayne Blvd., Suite 2218
                                              Miami, Florida  33160
                                              Tel:  (305) 931-2200
                                              Fax: (305) 931-0877

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                          /s/ Adam D. Horowitz       .

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com
Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu


Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com


　　　　　　　　　　　　　　　　　　　　　　　　/s/ Adam D. Horowitz