UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 09-80469-CIV-MARRA/JOHNSON

JANE DOE II,

    Plaintiff,
v.

JEFFREY EPSTEIN and
SARAH KELLEN,

    Defendants.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant Jeffrey Epstein's Motion to Dismiss Plaintiff's Complaint (DE 13), filed May 6, 2009. The motion is now fully briefed and ripe for review. The Court has carefully reviewed the motion, amended response, and reply, and is otherwise fully advised in the premises.

**Background**

On March 24, 2009, Plaintiff filed her Complaint against Defendants Jeffrey Epstein and Sarah Kellen, alleging a violation of 18 U.S.C. § 2255. (DE 1). The facts, as alleged in the Complaint, are as follows:

During the events giving rise to this claim, Plaintiff was a minor but has now reached majority. Compl. ¶ 4. Defendant Epstein has a history of enticing young women, who are minors, and soliciting them to engage in prostitution for his own sexual gratification. Compl. ¶ 8. Epstein conspired with two persons he employed for this purpose, Haley Robson and Defendant Sarah Kellen, and others, to solicit young women of the type Epstein preferred,

blonde, attractive in appearance, and younger than 18 years of age, to provide sexual gratification for him by engaging in acts of prostitution. Compl. ¶ 9. Defendants Epstein and Kellen entered into a criminal conspiracy to solicit young women for acts of prostitution, including Plaintiff, in Palm Beach County. Compl. ¶ 10.

From about June, 2003 until about February 2005, Defendants persuaded, induced, or enticed Plaintiff to come to Epstein's home and provide Epstein with "massages." The "massages" escalated into sexual encounters between Epstein and Plaintiff designed to fulfill his unnatural sexual desires for young women or even younger girls who were minors. Compl. ¶ 11. These acts included Epstein's request that he wanted the encounter to be like a "porn video." Compl. ¶ 11. Epstein would script lines for Plaintiff to say, including calling out his name and requesting that he perform a certain sexual act "harder," while he touched Plaintiff's vagina with a vibrator or with his fingers; alternatively he would masturbate in the presence of Plaintiff after demanding her to disrobe and walk in from of him in provocative sexual poses. Compl. ¶ 11. Epstein would pay Plaintiff a fee of $200 on each occasion after he ejaculated while masturbating in the presence of Plaintiff. Compl. ¶ 11. Epstein touched Plaintiff's vagina, or penetrated Plaintiff's vagina, using his fingers and/or a vibrator on multiple occasions, during the time that Plaintiff was a minor, causing personal injury to her. Compl. ¶ 12.

In violation of 18 U.S.C. § 2422(b), Defendants knowingly persuaded, induced, or enticed Plaintiff to engage in acts of prostitution, when Plaintiff was under the age of 18. Plaintiff can document the following dates when the acts recurred based on payments received: 06/16/03, 07/02/03, 04/09/04, 06/07/04, 07/30/04, 08/30/04, 10/12/04, 10/30/04, and 11/09/04. Compl. ¶ 13. In addition, Plaintiff believes that there were as many as 10 to 20 other occasions during this

2

time frame that Epstein solicited and procured her to perform prostitution services, all during the time that she was a minor. Compl. ¶ 13.

Epstein has made an agreement with the United States Attorney's Office to not contest liability for claims brought exclusively pursuant to 18 U.S.C. § 2255, in exchange for avoiding federal prosecution under 18 U.S.C. § 2422(b), which provides a sentence of 10 years for each violation of the law. Compl. ¶ 15.

Defendant argues in his motion that the case should be dismissed because (1) Plaintiff previously filed a case in state court based on the same set of facts as in this case; (2) Plaintiff can seek damages under 18 U.S.C. § 2255 of a minimum of $50,000 per victim; (3) Plaintiff has failed to allege a violation of the requisite predicate act as identified in 18 U.S.C. § 2255; and (4) Plaintiff has failed to state a cause of action for conspiracy to violate 18 U.S.C. § 2255.

Plaintiff responds that the Court should deny the motion because she is entitled to pursue separate state and federal claims in their respective courts, the damages issues are not appropriate for a motion to dismiss, and the pleadings at issue provide Defendant with sufficient notice of the underlying factual bases for the claims.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v.

3

Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

First, Defendant argues in his motion that this case should be dismissed because Plaintiff previously filed a case in state court based on the same set of facts as in this case. Plaintiff filed the instant case alleging violations of 18 U.S.C. § 2255 and filed the state case alleging sexual

battery and civil conspiracy.  Defendant argues that the state court would have concurrent jurisdiction over Plaintiff's 18 U.S.C. § 2255 claim and that exceptional circumstances exist requiring dismissal of the federal action in favor of the first filed state action. See American Bankers Ins. Co. of Florida v. First State Ins. Co., 891 F.2d 882 (11th Cir. 1990).

The exceptional circumstances test is set forth in Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1 (1983).  As the Eleventh Circuit explained in American Bankers Ins., 891 F.2d at 884:

> In Colorado River [Water Conserv. Dist. v. United States, 424 U.S. 800 (1976)] the Supreme Court announced that a federal court may dismiss an action because of parallel state court litigation only under "exceptional" circumstances. 424 U.S. at 818. Indeed, "[o]nly the clearest of justifications will warrant dismissal." Id. at 819.  The Court set out four factors to be considered in determining whether dismissal on the grounds of exceptional circumstances is appropriate: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. Id. at 818.  In Moses H. Cone, the Court reaffirmed its view that only exceptional circumstances will warrant dismissal of federal cases in favor of a concurrent state suit. 460 U.S. at 14.  The Moses H. Cone decision also repeated the four Colorado River factors and added two more: (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. Moses H. Cone, 460 U.S. at 23, 26; Noonan South [Inc. v. County of Volusia, 841 F.2d 380, 381 (11th Cir. 1988)].  The test for determining when exceptional circumstances exist, therefore, involves the careful balancing of six factors. The weight to be given any one factor may vary greatly depending on the case; however, the balance is "heavily weighted" in favor of the federal court exercising jurisdiction. Id. at 16.

Here, the first factor is inapplicable because neither the federal court nor the state court has assumed jurisdiction over any property.  The second factor, the inconvenience of the federal forum, focuses primarily on the "physical proximity of the federal forum to the evidence and witnesses." American Bankers Ins., 891 F.2d at 885, quoting Evanston Insurance Co. v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988).  This factor does not weigh in favor of dismissal of the

state court proceeding.

The focus of the third factor is avoiding piecemeal litigation. Plaintiff has brought claims under federal law in the federal court action and under state law in the state court action. The fact that the state court may have concurrent jurisdiction over an 18 U.S.C. § 2255 claim, and the fact that Plaintiff could have chosen to bring her 18 U.S.C. § 2255 claim as part of her state court action do not preclude her from filing a claim in federal court. Although many of the same facts are involved in both cases, Plaintiff has brought different causes of action in each forum and has not brought any federal claims in her state court case. By litigating cases involving many of the same facts simultaneously in both federal and state court, Plaintiff risks the potential application of *res judicata* principles to claims in the forum which is the last to decide the case. See Jang v. United Technologies Corp., 206 F.3d 1147 (11th Cir. 2000) (plaintiff may not split causes of action to bring state claims in one suit and then file a second suit with federal causes of action); Aquatherm Industries, Inc. v. Florida Power & Light Co., 84 F.3d 1388 (11th Cir. 1996) (holding that a Federal Lanham Act claim was barred in federal court after the plaintiff elected to bring only its state law claims in the initial state court litigation where both state and federal claims relied upon the same essential facts); Montana v. United States, 440 U.S. 147, 153 (1979) (explaining that the purpose of the doctrine is to protect an adverse party "from the expense and vexation attending multiple lawsuits [and] conserves judicial resources."). The presence of that risk, which Plaintiff has apparently chosen to take, does not preclude Plaintiff from proceeding in both fora on the separate claims.

The fourth factor, the order in which jurisdiction was obtained, "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." American Bankers Ins., 891 F.2d at 885, quoting Moses H. Cone, 460 U.S. at 21. Here, the state action was filed first and Defendant Epstein has responded to the complaint in both cases. Even assuming that the state court litigation has progressed further than the federal litigation, this factor does not weigh heavily in favor of dismissal, considering the overall analysis of the other five factors.

The fifth factor, whether federal or state law will be applied, does not point toward dismissal, as the federal case raises only federal causes of action. Finally, the sixth factor, the adequacy of the state court to protect the parties' rights, is in equipoise. There is no reason to defer to the state court pursuant to this factor.

"A federal court cannot properly decline to exercise its statutory jurisdiction, however, simply because judicial economy might be served by deferring to a state court. Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction given them." American Bankers Ins., 891 F.2d at 886., quoting Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 (1976). This is especially true here because this case asserts a federal cause of action and the state case does not. Defendant has failed to demonstrate that "exceptional circumstances" require dismissal of this case in deference to the pending state court proceeding. American Bankers Ins., 891 F.2d at 886.

Defendant also contends that Plaintiff has failed to sufficiently allege a violation of the requisite predicate act as identified in 18 U.S.C. § 2255. The Complaint alleges a violation of 18 U.S.C. § 2422(b), which is one of the statutes listed in § 2255 as a basis for liability under that

7

statute. See 18 U.S.C. § 2255(a). Section 2422(b) states as follows:

> b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

The Complaint sufficiently alleges that Defendant Epstein knowingly persuaded, induced, or enticed Plaintiff to engage in acts of prostitution, when Plaintiff was under the age of 18. Comp. ¶ 4, 11, 12, 13. However, the Complaint does not allege that Defendant used the mail or any facility or means of interstate or foreign commerce. Plaintiff asserts in her response that the telephone system is clearly a facility of interstate commerce and states that she is prepared to allege that Defendants Epstein and Kellen used an instrumentality of interstate commerce, namely Kellen's cellular telephone, to solicit Plaintiff. Plaintiff shall be permitted to amend her complaint accordingly.

  Lastly, Epstein asserts that Plaintiff has failed to state a cause of action for conspiracy to violate 18 U.S.C. § 2255 for the same reason she failed to state a cause of action under 18 U.S.C. § 2255 against Epstein individually. As explained *supra*, Plaintiff shall be permitted to amend her complaint to allege that Defendant used the mail or any facility or means of interstate or foreign commerce to violate § 2255.[1]

---

[1] Defendant also contends that an alleged victim of a violation of 18 U.S.C. § 2255 is only entitled to one award of the statutory minimum amount of damages, regardless of the number of incidents or acts that took place which constituted violations of the act. Because Plaintiff has only asserted one cause of action in her complaint, it is not necessary to decide this question at the present time because the issue is one of damages and not whether a cause of action has been stated. The Court will reserve ruling on this question and decide it when it is presented in a more appropriate context either in this case or in any of the related cases.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:  Defendant Jeffrey Epstein's Motion to Dismiss Plaintiff's Complaint (DE 13) is **GRANTED IN PART AND DENIED IN PART** as follows:  Plaintiff's claim is dismissed without prejudice to amend to allege that Defendant(s) used the mail or any facility or means of interstate or foreign commerce to violate 18 U.S.C. § 2255.  Except as to the question of whether Plaintiff is limited to one award of statutory damages, on which the Court reserves ruling, the remainder of Defendant's Motion is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of August, 2009.

Copies furnished to:
all counsel of record

KENNETH A. MARRA
United States District Judge